155 So. 392

### STATE v. RUTLEGE.

No. 32905.

May 22, 1934.

Fowler, O'Brien & Little, of New Orleans, for relator.

Eugene Stanley, Dist. Atty., and J. Bernard Cocke and Michael E. Culligan, Asst. Dist. Attys., all of New Orleans, for respondent.

ROGERS, Justice.

Relator, as J. G. Rutlege, Jr., alias Frank Morris, alias Frank Relford, was arrested in the city of New Orleans on an affidavit of a local police officer charging one J. G. Rutlege, Jr., with being a fugitive from justice from the state of North Carolina. Relator refused to waive extradition proceedings and was given a hearing before the criminal district court for the parish of Orleans. On this hearing the state produced a witness who identified relator as the J. G. Rutlege, Jr., who is charged in the city of Asheville, N. C., with embezzlement and obtaining money by false pretenses. The state also offered in evidence the requisition, with the accompanying papers, of the Governor of North Carolina and the warrant of the Governor of Louisiana issued thereon. But on objection of relator's counsel that they were not properly authenticated by the Governor of North Carolina, the documents were not admitted

in evidence by the trial judge. At the conclusion of the hearing, relator's counsel moved that relator be discharged from custody. The motion was denied by the trial judge. Relator excepted to the ruling, and, after notice to the prosecuting officer and the trial judge, has brought the case before us on certiorari.

Relator contends that under article 167 of the Code of Criminal Procedure it was the mandatory duty of the trial judge to discharge him without delay. The trial judge, in his return, states that he refused to discharge relator and continued the hearing for the purpose of giving the state an opportunity of ascertaining from the state authorities at Baton Rouge whether the documents received from North Carolina were, in truth and fact, properly certified; and, if not, in order that the necessary papers properly authenticated could be obtained from North Carolina. The respondent judge contends that his ruling was authorized by article 168 of the Code of Criminal Procedure.

Article 167 of the Code of Criminal Procedure provides that: "If, upon the hearing of the prisoner, * * * it shall appear, that the copy of the * * * affidavit accompanying the requisition has not been certified to as authentic by the governor of the state * * * out of which the requisition shall have issued * * * he shall be discharged without delay, otherwise he shall, without further delay, be delivered into the custody of the authorities of said state."

Article 168 of the Code of Criminal Procedure reads as follows, viz.: "When any person shall be charged on the oath of any credible person, before any committing magistrate, with being a fugitive from the justice of any other state or territory, such committing magistrate shall issue his warrant for the arrest of the accused, and if, after a hearing, in open court, the committing magistrate shall be of the opinion that the accused is a fugitive from justice, the accused shall be committed to await extradition, otherwise shall be discharged; provided that if on or before the thirtieth day after any affidavit shall have been made charging any person with being a fugitive from the justice of another state or territory, extradition proceedings shall not have been begun against him in this State, he shall be entitled to be forthwith discharged."

Under article 168 of the Code of Criminal Procedure, the affidavit or charge of any credible person affords a sufficient basis on which to detain the fugitive in custody for at least thirty days "to await extradition." Relator argues, however, that the latter article became inoperative when the Governor of Louisiana issued his warrant as provided by article 160 of the Code of Criminal Procedure; that when that was done the extradition procedure set out in articles 160 to 167, both inclusive, of the Code of Criminal Procedure, began. That the prisoner must be interrogated as to his willingness to return to the demanding state voluntarily, and if he is not willing to do so, a day for the hearing must be assigned. That on that day the legality vel non of the issuance of the Governor's warrant must be inquired into, and, if the warrant be found not to be legally issued, the prisoner must be discharged without delay. In short, relator's argument is, that article

168 of the Code of Criminal Procedure cannot be invoked in a proceeding in which the Governor's warrant has been issued.

Relator is not held on a warrant issued by the Governor of this state. He is held on an affidavit made by a local police officer in conformity with article 168 of the Code of Criminal Procedure. That article authorizes the committing magistrate, if after hearing in open court he shall be of opinion that the accused is a fugitive from justice, to commit the accused to await extradition. If the extradition proceedings are not begun in this state within thirty days after the date of the affidavit, the prisoner is forthwith entitled to be discharged.

In the case before us, the affidavit was made on April 25, 1934, and, hence, the thirty days allowed by the codal article within which extradition proceedings must be begun will not elapse until May 25, 1934.

If it be conceded that a person arrested on a warrant issued by the Governor of this state upon the requisition of the Governor of another state under article 160 of the Code of Criminal Procedure, is entitled to be discharged without delay where on a hearing the documents accompanying the requisition are found not to be properly authenticated under article 167 of the Code of Criminal Procedure, it by no means follows that a prisoner arrested upon a warrant issued by a committing magistrate on the affidavit or charge of any credible person and who, after a hearing, the magistrate is of the opinion is a fugitive from justice, must also be discharged without delay. On the contrary, article 168 declares that in such a case, the accused "shall be committed to await ex-

tradition;" and a delay of thirty days is specifically allowed within which to begin the extradition proceeding. The fact that the proceeding thus begun is defective merely for want of proper authentication of the necessary documents does not require the committing magistrate to discharge the accused from custody without delay. In such a case, we see no reason why the affidavit locally made should not be sufficient to hold the alleged fugitive until the thirty days fixed by the codal article shall have elapsed pending the efforts during that period of the authorities of the demanding state to get their papers properly authenticated so that they may renew their demand.

Finally, if there be any conflict between articles 167 and 168 of the Code of Criminal Procedure, the latter must prevail.

For the reason assigned, relator's application for relief is denied.